# EXHIBIT 1

Electronically Filed by Superior Court of California, County of Orange, 06/08/2021 01:38:40 PM.
30-2021-01204683-CU-WT-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Walgreen Co., an Illinois corporation; and Does 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Madelaine Esquibel, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es:)  Superior Court of California, County of Orange | CASE NUMBER:<br>(Número del Caso:)  30-2021-01204683-CU-WT-CJC |
|---|---|

Central Justice Center
700 Civic Center Drive W., Santa Ana, CA 92701

Judge Derek W. Hunt

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
KING & SIEGEL LLP, 724 S. Spring Street, Suite 201, Los Angeles, CA 90014; 213-465-4802

| DATE: 06/08/2021<br>(Fecha)  DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>(Secretario)  *Jessica Duarte* | , Deputy<br>(Adjunto) |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Walgreen Co., an Illinois corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit 1 - Page 8

Electronically Filed by Superior Court of California, County of Orange, 06/08/2021 01:38:40 PM.
30-2021-01204683-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.

Julian Burns King (Bar No. 298617)
julian@kingsiegel.com
John L. Schwab (Bar No. 307599)
john@kingsiegel.com
**KING & SIEGEL LLP**
724 S. Spring Street, Suite 201
Los Angeles, California 90014
*tel:* (213) 465-4802
*fax:* (213) 465-4803

Attorneys for Plaintiff Madelaine Esquibel

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| **Madelaine Esquibel**, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> **Walgreen Co.**, an Illinois corporation; and **Does 1-10**, inclusive, <br><br> Defendant. | CASE NO. 30-2021-01204683-CU-WT-CJC <br> Assigned for All Purposes  Judge Derek W. Hunt <br> **COMPLAINT FOR:** <br><br> 1) **Pregnancy Discrimination in Violation of FEHA;** <br> 2) **Interference in Violation of the PDLL;** <br> 3) **Retaliation in Violation of FEHA and the PDLL;** <br> 4) **Failure to Accommodate in Violation of FEHA and the PDLL** <br> 5) **Failure to Engage in the Interactive Process in Violation of FEHA and the PDLL;** <br> 6) **Failure to Prevent Discrimination and Retaliation in Violation of FEHA;** <br> 7) **Associational Disability Discrimination in Violation of FEHA;** <br> 8) **Wrongful Termination in Violation of Public Policy** <br><br> **Demand for Jury Trial** |

Exhibit 1 - Page 9

King & Siegel LLP

Plaintiff Madelaine Esquibel, by and through her attorneys, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff Madelaine Esquibel ("Plaintiff" or "Ms. Esquibel"), a single mother of a disabled child, worked for Defendant Walgreen Co. ("Walgreens" or the "Company") in Santa Ana from June 2018 and January 2021. She was a loyal, hardworking employee who received nothing but positive feedback about her work performance from her supervisors and managers.

2.      In November 2020, Ms. Esquibel learned that she was pregnant with a second child. Doctors classified her pregnancy as high-risk due to a previous preterm birth. When she informed Walgreens of her pregnancy, no one from the company notified her of her right to accommodations. She was forced to desperately scour the Walgreen's website for information.

3.      In early December 2020, she asked her store manager, Shane Chang, for a modified schedule starting in January 2021 so that she could receive weekly injections for her pregnancy and take her disabled daughter to speech therapy appointments. Mr. Chang summarily denied her request, stating that she should instead consider working "*part-time*" or take "*leave.*" When she asked her assistant manager to be accommodated so that she did not have to engage in heavy lifting, he told her she was just "*being lazy*" and "*taking advantage*" of her pregnancy.

4.      Ms. Esquibel continued to work her regular shifts without accommodations, even after she contracted a urinary tract infection (UTI) because she was denied breaks to use the bathroom. Ms. Esquibel turned in yet another doctor's note to prevent this from happening again. Her doctor requested on her behalf a modified schedule, including extra time to use the bathroom.

5.      Within a week a turning in the doctor's note, on January 9, 2021, the Company terminated her employment for alleged "misconduct." When she asked for details of the alleged misconduct, the Company claimed it could not provide any. A manager vaguely alluded

1

1    to a policy regarding the "merchandise bay," which employees were allowed to use to set aside
2    items that they intended to buy.

3    6.    In reality, Ms. Esquibel's manager was frustrated with her pregnancy and requests
4    for accommodation, and seized a flimsy opportunity to pretextually justify her termination. This law-
5    suit seeks redress for Walgreens' blatant violations of California law.

6    **PARTIES**

7    7.    Plaintiff **Madelaine Esquibel** ("Plaintiff" or "Ms. Esquibel") was a hardwork-
8    ing and dedicated hourly employee of Walgreens from June 2018 until her wrongful termina-
9    tion in January 2021. At all times relevant to this Complaint, she was a resident of Orange
10   County.

11   8.    Defendant **Walgreen Co.** ("Walgreen") is an Illinois corporation registered to
12   do business in the State of California. Walgreen operates the second-largest pharmacy store
13   chain in the United States and, according to its website, is a "global leader in retail and whole-
14   sale pharmacy . . . ."

15   9.    Plaintiff does not currently know the names and true identities of Defendant
16   **Does 1 through 10**. Ms. Esquibel reserves the right to amend this Complaint to allege their
17   true names and capacities when this information is available. Each Doe defendant is respon-
18   sible for the damages alleged pursuant to each of the causes of action asserted, either through
19   its own conduct, or vicariously through the conduct of others. All further references in this
20   complaint to any of the named Defendant includes the fictitiously-named Defendant.

21   10.    At all times alleged in the complaint, each Defendant was an agent, servant,
22   joint employer, employee, partner, and/or joint venture of every other Defendant and was
23   acting within the scope of the Defendant' relationship. Moreover, the conduct of every De-
24   fendant was ratified by each other Defendant.

25   **VENUE AND JURISDICTION**

26   11.    The Court has jurisdiction over all causes of action in this complaint pursuant
27   to Article VI, section 10 of the California Constitution. No federal question is at issue; Ms.
28   Esquibel relies solely on California statutes and law.

1   12.   Venue as to Defendant is proper in this Superior Court pursuant to California

2   Code of Civil Procedure § 395 and Government Code § 12965(b). Ms. Esquibel lived and

3   worked in Orange County at all times relevant to this Complaint. The unlawful acts alleged

4   herein directly affected her in Orange County. This Court therefore maintains appropriate

5   jurisdiction over this dispute.

6   **FACTUAL ALLEGATIONS**

7   ***Ms. Esquibel Excels At Walgreens***

8   13.   In June 2018, Ms. Esquibel was hired to work as an hourly employee at the

9   Walgreens store located at 1301 E. 17th Street in Santa Ana, California 92705. Her job duties

10  included, but were not limited to, providing exemplary customer service, assisting her super-

11  visors and managers with day-to-day store needs, and various other tasks. She was originally

12  paid $15.20 per hour. As a testament to her excellent work performance, her compensation

13  was increased to $17 per hour in November 2020.

14  14.   Ms. Esquibel received regular performance reviews from her managers

15  throughout her employment. Her performance was always rated above average, and she re-

16  ceived nothing but positive feedback from her supervisors. Indeed, she was nominated for an

17  award from her District Manager for being an "outstanding" employee.

18  ***Ms. Esquibel's High-Risk Pregnancy And Requests For Reasonable Accommodations***

19  15.   In November 2020, Ms. Esquibel learned that she was pregnant with her second

20  child. While she was overjoyed with the news, she was deeply concerned about the health of

21  her baby. Her first child had been born preterm resulting in a developmental disability, and

22  her doctors informed her that her pregnancy was high-risk because of this medical history.

23  16.   In or about December 2020, Ms. Esquibel informed her assistant manager Andy

24  Cortez about her pregnancy. Neither Mr. Cortez nor anyone from Walgreens provided her

25  information about her rights, which is required under California law.[1] Indeed, during one shift

26  ———————————
27  [1] *See* Cal. Code Regs, tit. 2 § 11049 (a) ("An employer shall give its employees reason-
    able advance notice of employees' FEHA rights and obligations regarding pregnancy, child-
28  birth, or related medical conditions as set forth at section 11049(e) and as contained in the

1  where Ms. Esquibel asked for an accommodation limiting the amount of weight she would

2  have to lift, Mr. Cortez commented that she was "*taking advantage*" because she was preg-

3  nant, and was just "*being lazy*."

4      17.    These discriminatory comments were completely uncalled for, particularly in

5  light of Ms. Esquibel's demonstrated track record of positive work performance. Mr. Cortez's

6  attitude towards pregnant women and/or disabled employees, however, came from the top of

7  her store. When Ms. Esquibel pleaded with store manager Shane Chang to provide her infor-

8  mation pertaining to her rights as a pregnant employee, he abdicated any responsibility, telling

9  her that he was "*unsure*" about her rights, and that she should "*reach out to HR.*"

10     18.    Ms. Esquibel was forced to spend an inordinate amount scouring Walgreens's

11 website to locate information pertaining to her rights—information that should have been al-

12 ready provided to her. She eventually found a section of Walgreen's website stating that qual-

13 ifying employees could request flexible work schedules from their managers. She did not lo-

14 cate information about her rights under the Pregnancy Disability Leave Law.

15     19.    Shortly thereafter, Ms. Esquibel requested a modified work schedule from Mr.

16 Chang beginning in January 2021. She explained that her doctors ordered her to receive

17 weekly injections to avoid another pre-term birth. She also explained that she needed the mod-

18 ified schedule—*i.e.*, one day off a week—because her disabled daughter was beginning speech

19 therapy and she needed to take her to these weekly appointments.

20     20.    Mr. Chang, without a shred of compassion, summarily denied the request,

21 claiming that he could not "*accept*" it. He claimed that she needed make the request through

22 Sedgwick, a third-party leave claims administrator. This was false; Mr. Chang—a store man-

23 ager—had the discretion to adjust employee work schedules. Demonstrating his bias and frus-

24 tration with her request for an accommodation, he told her that she should consider "*going

25 part-time*," or "*taking leave*," as if she had the luxury of foregoing income for herself and her

26 family simply because she was having a child. (Ms. Esquibel was not requesting leave at this

27

28 Notice as set forth at section 11051(a), or its equivalent.")

1 || time.)

2      21.    In December 2020, Ms. Esquibel called Sedgwick to submit a request for a mod-
3 || ified schedule per Mr. Chang's demand. After days of receiving no response, she again con-
4 || tacted Sedgwick, who claimed that there was "*no record*" of any request for accommodation.
5 || She was forced to request an accommodation a second time with the Sedgwick agent on the
6 || phone.

7        ***Walgreens Terminates Ms. Esquibel Days After She Submits A Doctor's Note***

8      22.    Sedgwick's delay in processing Ms. Esquibel's request did not obviate her need
9 || for accommodations. Indeed, in early January 2021, she suffered a urinary tract infection as a
10 || result of her inability to take adequate bathroom breaks during her shifts.  Concerned for her
11 || health and the wellbeing of her child, her doctors provided her a note ordering Walgreens to
12 || provide her longer, more frequent bathroom breaks. Within days of providing this note to the
13 || Company, she was terminated.

14      23.    On the date of her termination, January 9, 2021, Ms. Esquibel arrived at 7:30
15 || a.m., as scheduled, to open the store. A few hours later, around 10:00 a.m., Mr. Chang called
16 || her into the office where an HR employee was waiting. After pretending to care how Ms.
17 || Esquibel was doing, they told her that she was being terminated for "*misconduct.*"

18      24.    Ms. Esquibel was stunned. She had never had *any* issues with her performance
19 || in her almost three years with the Company, let alone any allegations of misconduct.

20      25.    Ms. Esquibel asked for details about the alleged misconduct, Mr. Chang and
21 || the HR employee refused to respond and claimed they "*couldn't say anything.*" However,
22 || Ms. Esquibel did not need any pretextual excuses to know what happening. Shortly before
23 || her termination, Mr. Cortez had texted her about her about merchandise she set aside in the
24 || stockroom, which she intended to buy. A single mother juggling a job, existing childcare
25 || needs, and a stressful pregnancy, she simply forgot to purchase the items; she purchased them
26 || when she went to the store for her next shift.

27      26.    In reality, her termination had nothing to do with the "merchandise bay." Mr.
28 || Chang was annoyed with Ms. Esquibel's pregnancy and requests for accommodations and

1  terminated her as a result. Indeed, the store's policies regarding the duration of time items

2  could be left on the merchandise bay were routinely ignored by nearly everyone at Ms. Esqui-

3  bel's location, and she was not aware of anyone else being disciplined at all—much less ter-

4  minated—because they left an item on the merchandise bay for an extra day or two. Her ter-

5  mination was because of her pregnancy, requests for accommodations, and her association

6  with her disabled daughter.

7  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8      27.    Ms. Esquibel has exhausted all administrative remedies required as a prerequi-

9  site to bringing this action. On June 1, 2021, Ms. Esquibel filed a complaint of discrimination

10  against Walgreens with the Department of Fair Employment and Housing ("DFEH") and

11  obtained a right-to-sue letter, attached as **Exhibit 1**, authorizing her to enforce her rights

12  through a civil action.

13  **CAUSES OF ACTION**

14  **FIRST CAUSE OF ACTION**

15  **Pregnancy Discrimination in Violation of FEHA**

16  **Gov. Code §§ 12940, *et seq.***

17  **(Plaintiff Against Defendant)**

18      28.    Plaintiff repeats and incorporates by reference all allegations contained in the

19  preceding paragraphs as if fully set forth herein.

20      29.    The California Fair Employment and Housing Act provides that it is unlawful

21  for "an employer, because of the . . . sex . . . of any person, to . . . discharge the person from

22  employment, . . . or to discriminate against the person in compensation or in terms, condi-

23  tions, or privileges of employment." Gov. Code §§ 12940(a). "Sex" is defined to include

24  pregnancy, childbirth, breastfeeding, and related medical conditions. Gov. Code

25  § 12926(r)(1).

26      30.    Ms. Esquibel was a pregnant woman who was protected from discrimination

27  based on pregnancy, childbirth, and related medical conditions.

28      31.    Walgreens discriminated against Ms. Esquibel because of her sex and her

1  pregnancy in violation of Government Code § 12940(a) by refusing to provide reasonable ac-
2  commodations, by slashing her job duties, and, ultimately, terminating her.

3      32.   Ms. Esquibel's sex, pregnancy, and requests for accommodations were the sole
4  or motivating factors in Walgreen's decision to take these adverse employment actions.

5      33.   As a direct and proximate result Defendant's conduct, Ms. Esquibel has suf-
6  fered special damages in the form of lost earnings, benefits, and/or out-of-pocket expenses in
7  an amount subject to proof at trial. As further direct and proximate result of Defendant's
8  conduct, Ms. Esquibel continues to suffer damages in the form of lost future earnings, bene-
9  fits, and/or other prospective damages in an amount to be proven at trial.

10     34.   Defendant's conduct has further caused Ms. Esquibel to lose financial stability,
11  peace of mind, and future security. Defendant's conduct has caused her severe embarrass-
12  ment, humiliation, and mental and emotional distress and discomfort in an amount not fully
13  ascertained but subject to proof at trial.

14     35.   Because of the conduct alleged herein, Ms. Esquibel hired attorneys to prose-
15  cute her claims under FEHA. Accordingly, Ms. Esquibel is entitled to recover attorneys' fees
16  and costs pursuant to Government Code § 12965(b), in addition to other damages as provided
17  by law.

18     36.   Moreover, Defendant's conduct has been intentional, deliberate, willful, mali-
19  cious, reckless, and conducted in callous disregard for Ms. Esquibel's rights, entitling her to
20  punitive damages.

21                          **SECOND CAUSE OF ACTION**

22        **Interference in Violation of the Pregnancy Disability Leave Law**

23                        **Gov. Code §§ 12940, *et seq.***

24                          **(Plaintiff Against Defendant)**

25     37.   Plaintiff repeats and incorporates by reference all allegations contained in the
26  preceding paragraphs as if fully set forth herein.

27     38.   At all times relevant to this complaint, Plaintiff was an applicant for employ-
28  ment or an employee of Defendant and was covered by FEHA and the PDLL.

Exhibit 1 - Page 16

39.     The PDLL prohibits employers from, among other things: (1) refusing to allow an employee disabled by pregnancy, childbirth, or a related medical condition to take a leave for a reasonable period of time not to exceed fourth months, including intermittent leave related to pregnancy related medical conditions; (2) refusing to provide reasonable accommodations for conditions related to pregnancy, childbirth, or related medical condition; and (3) refusing to temporarily transfer a pregnancy employee to a less strenuous or hazardous position. See Gov. Code § 12945. The PDLL also creates obligations for employers to provide reasonable accommodations for "conditions related to pregnancy, childbirth, or a related condition." Gov. Code § 12945(a)(3)(A); Cal. Code. Regs., tit. 2, § 11039(a)(2)(C).

40.     The PDLL's implementing regulations require employers to distribute notice to employees of their rights under the PDLL in three separate ways. *First*, the employer must post notice on premises in conspicuous locations where employees work. Cal. Code Regs., tit. 2, § 11049(d)(1). *Second*, the employer must *also* include a description of PDLL rights in any employee handbooks that discuss personnel's right to reasonable accommodations, transfers, or other types of temporary disability leaves. *Id.* § 11049(d)(3). *Third*, the employer must provide an employee with a copy of the appropriate notice "*as soon as practicable after the employee tells the employer of her pregnancy or sooner if the employee inquires about reasonable accommodation, transfer, or pregnancy disability leaves.*" *Id.* § 11049(d)(2).

41.     Defendant interfered with Plaintiff's rights by, failing to notify her of her rights under the PDLL in their benefits package discussing other types of temporary disability leave; when she disclosed her pregnancy; and on the premises where she worked.

42.     Plaintiff is informed and believes that in addition to the practices enumerated above, Defendant may have engaged in other violations of the PDLL which are not yet fully known.

43.     As a direct and proximate result Defendant's conduct, Ms. Esquibel has suffered special damages in the form of lost earnings, benefits, and/or out-of-pocket expenses in an amount subject to proof at trial. As further direct and proximate result of Defendant's conduct, Ms. Esquibel continues to suffer damages in the form of lost future earnings,

1 benefits, and/or other prospective damages in an amount to be proven at trial.

2     44.    Defendant's conduct has further caused Ms. Esquibel to lose financial stability,
3 peace of mind, and future security. Defendant's conduct has caused her severe embarrass-
4 ment, humiliation, and mental and emotional distress and discomfort in an amount not fully
5 ascertained but subject to proof at trial.

6     45.    Because of the conduct alleged herein, Ms. Esquibel hired attorneys to prose-
7 cute her claims under FEHA. Accordingly, Ms. Esquibel is entitled to recover attorneys' fees
8 and costs pursuant to Government Code § 12965(b), in addition to other damages as provided
9 by law.

10     46.    Moreover, Defendant's conduct has been intentional, deliberate, willful, mali-
11 cious, reckless, and conducted in callous disregard for Ms. Esquibel's rights, entitling her to
12 punitive damages.

13 **THIRD CAUSE OF ACTION**

14 **Retaliation in Violation of FEHA and the Pregnancy Disability Leave Law**

15 **Gov. Code §§ 12940, *et seq*.**

16 **(Plaintiff Against Defendant)**

17     47.    Plaintiff repeats and incorporates by reference all allegations contained in the
18 preceding paragraphs as if fully set forth herein.

19     48.    At all times relevant to this complaint, Plaintiff was an applicant for employ-
20 ment or an employee of Defendant and was covered by FEHA and the PDLL.

21     49.    Defendant retaliated against Plaintiff for engaging in protected activity in viola-
22 tion of FEHA and the PDLL. Specifically, Defendant denied Plaintiff transfer and terminated
23 Plaintiff because she exercised her right to pregnancy-related disability leave and accommo-
24 dations pursuant to FEHA and the PDLL.

25     50.    Walgreens retaliated against Ms. Esquibel for engaging in protected activity in
26 violation of the FEHA and PDLL. Specifically, Defendant denied Plaintiff's reasonable re-
27 quest for a modified schedule and PDL due to her pregnancy.

28     51.    Ms. Esquibel's requests for pregnancy-related disability leave and

Exhibit 1 - Page 18

1  accommodations were the sole or motivating factors in Defendant's decision to take these
2  adverse employment actions against her.

3      52.    As a direct and proximate result Defendant's conduct, Ms. Esquibel has suf-
4  fered special damages in the form of lost earnings, benefits, and/or out-of-pocket expenses in
5  an amount subject to proof at trial. As further direct and proximate result of Defendant's
6  conduct, Ms. Esquibel continues to suffer damages in the form of lost future earnings, bene-
7  fits, and/or other prospective damages in an amount to be proven at trial.

8      53.    Defendant's conduct has further caused Ms. Esquibel to lose financial stability,
9  peace of mind, and future security. Defendant's conduct has caused her severe embarrass-
10  ment, humiliation, and mental and emotional distress and discomfort in an amount not fully
11  ascertained but subject to proof at trial.

12      54.    Because of the conduct alleged herein, Ms. Esquibel hired attorneys to prose-
13  cute her claims under FEHA. Accordingly, Ms. Esquibel is entitled to recover attorneys' fees
14  and costs pursuant to Government Code § 12965(b), in addition to other damages as provided
15  by law.

16      55.    Moreover, Defendant's conduct has been intentional, deliberate, willful, mali-
17  cious, reckless, and conducted in callous disregard for Ms. Esquibel' rights, entitling her to
18  punitive damages.

19                 **FOURTH CAUSE OF ACTION**
20             **Failure to Provide Reasonable Accommodation in**
21      **Violation of FEHA and the Pregnancy Disability Leave Law**
22                **Gov. Code §§ 12940,** *et seq.*
23              **(Plaintiff Against Defendant)**

24      56.    Plaintiff repeats and incorporates by reference all allegations contained in the
25  preceding paragraphs as if fully set forth herein.

26      57.    At all times relevant to this complaint, Plaintiff was an applicant for employ-
27  ment or an employee of Defendant and was covered by FEHA and the PDLL.

28      58.    The PDLL prohibits employers from, among other things: (1) refusing to allow

1   an employee disabled by pregnancy, childbirth, or a related medical condition to take a leave

2   for a reasonable period of time not to exceed fourth months, including intermittent leave re-

3   lated to pregnancy related medical conditions; (2) refusing to provide reasonable accommo-

4   dations for conditions related to pregnancy, childbirth, or related medical condition; and (3)

5   refusing to temporarily transfer a pregnancy employee to a less strenuous or hazardous posi-

6   tion. See Gov. Code § 12945. The PDLL also creates obligations for employers to provide

7   reasonable accommodations for "conditions related to pregnancy, childbirth, or a related

8   condition." Gov. Code § 12945(a)(3)(A); Cal. Code. Regs., tit. 2, § 11039(a)(2)(C).

9       59.    Government Code § 12945 provides that it is illegal for an employer "to refuse

10   to provide reasonable accommodation for an employee for a condition related to pregnancy,

11   childbirth, or a related medical condition, if the employee so requests, with the advice of the

12   employee's health care provider." Gov. Code § 12945(a)(3)(A). Under Government Code §

13   1296(O), the term "physical disability ... includes the perception" that a person is "associ-

14   ated with a person who has, or is perceived to have" a physical disability. "The majority rea-

15   sons that 'when section 12940, subdivision (m) requires employers to reasonably accommo-

16   date 'the known physical ... disability of an applicant or employee,' read in conjunction with

17   other relevant provisions, subdivision (m) may reasonably be interpreted to require accom-

18   modation based on the employee's association with a physically disabled person. *Castro-*

19   *Ramirez v. Dependable Highway Express, Inc.*, 2 Cal. App. 5th 1028, 1054 (2016).

20       60.    Ms. Esquibel was pregnant within the meaning of FEHA and her employer was

21   notified of her pregnancy in or around November 2020. She was also "associated" with a

22   person with a person who has a disability—her daughter.

23       61.    Defendant failed to reasonably accommodate her pregnancy-related medical

24   conditions, and her request for one day off a week to take her disabled daughter to speech

25   therapy appointment—a request that would not have caused an undue burden on Defendant

26       62.    As a direct and proximate result Defendant's conduct, Ms. Esquibel has suf-

27   fered special damages in the form of lost earnings, benefits, and/or out-of-pocket expenses in

28   an amount subject to proof at trial. As further direct and proximate result of Defendant's

1  conduct, Ms. Esquibel continues to suffer damages in the form of lost future earnings, bene-

2  fits, and/or other prospective damages in an amount to be proven at trial.

3      63.    Defendant's conduct has further caused Ms. Esquibel to lose financial stability,

4  peace of mind, and future security. Defendant's conduct has caused her severe embarrass-

5  ment, humiliation, and mental and emotional distress and discomfort in an amount not fully

6  ascertained but subject to proof at trial.

7      64.    Because of the conduct alleged herein, Ms. Esquibel hired attorneys to prose-

8  cute her claims under FEHA. Accordingly, Ms. Esquibel is entitled to recover attorneys' fees

9  and costs pursuant to Government Code § 12965(b), in addition to other damages as provided

10  by law.

11      65.    Moreover, Defendant's conduct has been intentional, deliberate, willful, mali-

12  cious, reckless, and conducted in callous disregard for Ms. Esquibel's rights, entitling her to

13  punitive damages.

14                        **FIFTH CAUSE OF ACTION**

15              **Failure to Engage in the Good Faith Interactive Process in**

16              **Violation of FEHA and the Pregnancy Disability Leave Law**

17                        **Gov. Code §§ 12940, *et seq.***

18                        **(Plaintiff Against Defendant)**

19      66.    Plaintiff repeats and incorporates by reference all allegations contained in the

20  preceding paragraphs as if fully set forth herein.

21      67.    Government Code § 12940(n) requires employers to engage in the good faith

22  interactive process with pregnant and/or disabled employees to allow the employer and em-

23  ployee to determine reasonable and effective accommodations. An employer's failure to en-

24  gage in the good faith interactive process upon learning of an employee's disability constitutes

25  an independent violation of FEHA. Cal. Code Regs., tit. 2, § 11040(a)(2)(B).

26      68.    Ms. Esquibel was pregnant within the meaning of FEHA and her employer was

27  notified of her pregnancy in or around November 2020.

28      69.    Plaintiff sought reasonable accommodations relating to her pregnancy.

---

COMPLAINT; DEMAND FOR JURY TRIAL

Exhibit 1 - Page 21

70. Defendant did not engage in the good faith interactive process with Ms. Esquibel to determine whether accommodations might allow her to perform her job duties. Instead, Mr. Chang told her that she should consider going *"part-time"* or *"taking leave."*

71. As a direct and proximate result Defendant's conduct, Ms. Esquibel has suffered special damages in the form of lost earnings, benefits, and/or out-of-pocket expenses in an amount subject to proof at trial. As further direct and proximate result of Defendant's conduct, Ms. Esquibel continues to suffer damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount to be proven at trial.

72. Defendant's conduct has further caused Ms. Esquibel to lose financial stability, peace of mind, and future security. Defendant's conduct has caused her severe embarrassment, humiliation, and mental and emotional distress and discomfort in an amount not fully ascertained but subject to proof at trial.

73. Because of the conduct alleged herein, Ms. Esquibel hired attorneys to prosecute her claims under FEHA. Accordingly, Ms. Esquibel is entitled to recover attorneys' fees and costs pursuant to Government Code § 12965(b), in addition to other damages as provided by law.

74. Moreover, Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard for Ms. Esquibel' rights, entitling her to punitive damages.

### SIXTH CAUSE OF ACTION

**Failure to Prevent Discrimination and Retaliation in Violation of FEHA**

**Gov. Code §§ 12940, *et seq.***

**(Plaintiff Against Defendant)**

75. Plaintiff repeats and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

76. California law requires employers to take all reasonable steps necessary to prevent discrimination in violation of FEHA.

77. Defendant failed to take all reasonable steps necessary to prevent sex and

1  pregnancy discrimination in violation of FEHA. Instead of instructing managers and supervi-
2  sory employees to accommodate pregnancy-related disabilities, Walgreen has engaged in an
3  ongoing and continuous pattern and practice of permitting and/or engaging in discrimination
4  against pregnant women in the terms and conditions of their employment. At all relevant
5  times, Defendant had actual and constructive knowledge of the discriminatory conduct de-
6  scribed and alleged in this complaint, and condoned, ratified, and participated in that conduct.

7      78.    As a direct and proximate result Defendant's conduct, Ms. Esquibel has suf-
8  fered special damages in the form of lost earnings, benefits, and/or out-of-pocket expenses in
9  an amount subject to proof at trial. As further direct and proximate result of Defendant's
10  conduct, Ms. Esquibel continues to suffer damages in the form of lost future earnings, bene-
11  fits, and/or other prospective damages in an amount to be proven at trial.

12      79.    Defendant's conduct has further caused Ms. Esquibel to lose financial stability,
13  peace of mind, and future security. Defendant's conduct has caused her severe embarrass-
14  ment, humiliation, and mental and emotional distress and discomfort in an amount not fully
15  ascertained but subject to proof at trial.

16      80.    Because of the conduct alleged herein, Ms. Esquibel hired attorneys to prose-
17  cute her claims under FEHA. Accordingly, Ms. Esquibel is entitled to recover attorneys' fees
18  and costs pursuant to Government Code § 12965(b), in addition to other damages as provided
19  by law.

20      81.    Moreover, Defendant's conduct has been intentional, deliberate, willful, mali-
21  cious, reckless, and conducted in callous disregard for Ms. Esquibel' rights, entitling her to
22  punitive damages.

23                    **SEVENTH CAUSE OF ACTION**
24          **Associational Disability Discrimination in Violation of FEHA**
25                       **Gov. Code §§ 12940, *et seq.***
26                        **(Plaintiff Against Defendant)**
27      82.    Plaintiff repeats and incorporates by reference all allegations contained in the
28  preceding paragraphs as if fully set forth herein.

83.   The FEHA prohibits "an employer, because of the . . . physical disability, men-tal disability, medical condition, [or] genetic information . . . of any person, . . . to bar or dis-charge the person from employment . . . , or to discriminate against the person in compensa-tion or in terms, conditions, or privileges of employment." Gov. Code §§ 12940(a).

84.   The FEHA also prohibits discrimination based on an individual's *association* with a member of its protected classes. *Castro-Ramirez v. Dependable Highway Express, Inc.*, 2 Cal. App. 5th 1028, 1036 (2016) ("Accordingly, when FEHA forbids discrimination based on a disability, it also forbids discrimination based on a person's association with another who has a disability.").

85.   Ms. Esquibel requested a modified work schedule, in part, so that she could take her disabled daughter to speech and therapy appointments starting in January 20201. She sought this accommodation because of her association with her daughter, a disabled individ-ual protected by FEHA.

86.   Walgreens discriminated against Ms. Esquibel because of her association with her disabled daughter. Plaintiff's need for accommodations to care for her daughter were the sole or motivating factor in Defendant's decision to terminate her.

87.   As a direct and proximate result Defendants' conduct, Ms. Esquibel has suf-fered special damages in the form of lost earnings, benefits, and/or out-of-pocket expenses in an amount subject to proof at trial. As further direct and proximate result of Defendant's conduct, Ms. Esquibel continues to suffer damages in the form of lost future earnings, bene-fits, and/or other prospective damages in an amount to be proven at trial.

88.   Defendant's conduct has further caused Ms. Esquibel to lose financial stability, peace of mind, and future security. Defendant's conduct has caused her severe embarrass-ment, humiliation, and mental and emotional distress and discomfort in an amount not fully ascertained but subject to proof at trial.

89.   Because of the conduct alleged herein, Ms. Esquibel hired attorneys to prose-cute her claims under FEHA. Accordingly, Ms. Esquibel is entitled to recover attorneys' fees and costs pursuant to Government Code § 12965(b), in addition to other damages as provided

1  by law.

2      90.    Moreover, Defendant's conduct has been intentional, deliberate, willful, mali-
3  cious, reckless, and conducted in callous disregard for Ms. Esquibel's rights, entitling her to
4  punitive damages.

### EIGHTH CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(Plaintiff Against Defendant)**

8      91.    Plaintiff repeats and incorporates by reference all allegations contained in the
9  preceding paragraphs as if fully set forth herein.

10     92.    It is against public policy in California to discriminate in the terms and condi-
11 tions of employment based on pregnancy, gender, disability, and sex. *See, e.g.*, Cal. Const.,
12 Art. 1, § 8.

13     93.    Defendant discriminated against Ms. Esquibel because of her sex and her preg-
14 nancy in violation of Government Code § 12940(a) by refusing to provide reasonable accom-
15 modations, by removing her from projects, by denying her professional opportunities, by in-
16 terfering with her leave, by denying her a transfer, and, ultimately, by terminating her.

17     94.    This discriminatory conduct constitutes an unlawful employment practice in
18 violation of California's well-established public policy.

19     95.    As a direct and proximate result Defendant's conduct, Ms. Esquibel has suf-
20 fered special damages in the form of lost earnings, benefits, and/or out-of-pocket expenses in
21 an amount subject to proof at trial. As further direct and proximate result of Defendant's
22 conduct, Ms. Esquibel continues to suffer damages in the form of lost future earnings, bene-
23 fits, and/or other prospective damages in an amount to be proven at trial.

24     96.    Defendant's conduct has further caused Ms. Esquibel to lose financial stability,
25 peace of mind, and future security. Defendant's conduct has caused her severe embarrass-
26 ment, humiliation, and mental and emotional distress and discomfort in an amount not fully
27 ascertained but subject to proof at trial.

28     97.    Moreover, Defendant's conduct has been intentional, deliberate, willful,

1  malicious, reckless, and conducted in callous disregard for Ms. Esquibel's rights, entitling her
2  to punitive damages.

### DEMAND FOR JURY TRIAL

4        Pursuant to California Code of Civil Procedure § 631, Plaintiff demands a trial by jury
5  on all issues so triable.

### PRAYER FOR RELIEF

7        WHEREFORE, Plaintiff respectfully prays judgment as follows:

8      A.    General and compensatory damages, including prejudgment interest, in an
9  amount according to proof;

10      B.    Punitive damages in an amount according to proof;

11      C.    Attorneys' fees pursuant to statute, including but not limited to Government
12  Code section 12965(b);

13      D.    Costs of suit herein;

14      E.    Applicable statutory and civil penalties;

15      F.    Injunctive relief; and

16      G.    Such other and further relief as the Court may deem just and proper.

18  Dated:    June 8, 2021        Respectfully submitted,

19                  **KING & SIEGEL LLP**

20

21                  By: _____
                Julian Burns King

22                  John L. Schwab
                Attorneys for Plaintiff Madelaine Esquibel

Exhibit 1 - Page 26

# Exhibit 1

Exhibit 1 - Page 27



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 1, 2021

John Schwab
724 S. Spring Street, Suite 201
Los Angeles, California 90014

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 202106-13739001
Right to Sue: Esquibel / Walgreen Co

Dear John Schwab:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

Exhibit 1 - Page 28

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                   GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 1, 2021

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202106-13739001
      Right to Sue: Esquibel / Walgreen Co

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

Exhibit 1 - Page 29

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                 KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 1, 2021

Madelaine Esquibel
PO Box 6858
Santa Ana, California 92706

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202106-13739001
      Right to Sue: Esquibel / Walgreen Co

Dear Madelaine Esquibel:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective June 1, 2021 because
an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

Exhibit 1 - Page 30



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

Exhibit 1 - Page 31

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**

2

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**

3

**(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5

Madelaine Esquibel                                        DFEH No. 202106-13739001

6

Complainant,

7

vs.

8

Walgreen Co
300 Wilmot Road

9

Deerfield, Illinois 60015

10

Respondents

11

_____

12

**1.** Respondent **Walgreen Co** is an **employer Walgreen Co** subject to suit under the California

13

Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

14

15

**2.** Complainant **Madelaine Esquibel**, resides in the City of **Santa Ana,** State of **California.**

16

17

**3.** Complainant alleges that on or about **January 9, 2021**, respondent took the
following adverse actions:

18

19

**Complainant was discriminated against** because of complainant's sex/gender, disability
(physical or mental), pregnancy, childbirth, breast feeding, and/or related medical conditions
and as a result of the discrimination was terminated, reprimanded, denied any employment

20

benefit or privilege, denied reasonable accommodation for a disability, denied
accommodation for pregnancy, denied work opportunities or assignments.

21

22

**Complainant experienced retaliation** because complainant requested or used a
pregnancy-disability-related accommodation, requested or used a disability-related

23

accommodation and as a result was terminated, reprimanded, denied any employment
benefit or privilege, denied reasonable accommodation for a disability, denied
accommodation for pregnancy, denied work opportunities or assignments.

24

25

**Additional Complaint Details:** Madelaine Esquibel, a single mother of a disabled child,

26

worked for Walgreens in Santa Ana between June 2018 and January 2021. She was a loyal,

27

-1-
*Complaint – DFEH No. 202106-13739001*

28

Date Filed: June 1, 2021

Exhibit 1 - Page 32

hardworking employee who received nothing but positive feedback about her work performance from her supervisors and managers. In November 2020, Ms. Esquibel learned that she was pregnant. Doctors classified her pregnancy as high-risk due to a previous preterm birth. When she informed Walgreens of her pregnancy, no one from the company notified her of her right to accommodations. She was forced to desperately scour the Walgreen's website for information. In early December 2020, she asked her store manager Shane Chang for a modified schedule starting in January 2021 so that she could receive weekly injections for her pregnancy and take her disabled daughter to speech therapy appointments. Mr. Chang summarily denied her request, stating that she should instead consider working "part-time" or take "leave." When she asked her assistant manager Andy Cortez to be accommodated so that she did not have to engage in heavy lifting, he told her she was just "being lazy" and "taking advantage" of her pregnancy. Ms. Esquibel continued to work her regular shifts without accommodations, even when she contracted a urinary tract infection (UTI) because she was denied breaks to use the bathroom. Ms. Esquibel turned in yet another doctor's note to prevent this from happening again. Her doctor requested on her behalf a modified schedule, including extra time to use the bathroom. Within a week of turning in the doctor's note, on January 9, 2021, the Company terminated her employment for alleged "misconduct." When she asked for details of the alleged misconduct, the Company claimed it could not provide any. A manager vaguely alluded to a policy regarding the "merchandise bay," which employees were allowed to use to set aside items that they intended to buy. In reality, Ms. Esquibel's manager was frustrated with her pregnancy and requests for accommodation, and seized a flimsy opportunity to pretextually justify her termination. This lawsuit seeks redress for Walgreens' blatant violations of California law.

-2-

*Complaint – DFEH No. 202106-13739001*

Date Filed: June 1, 2021

Exhibit 1 - Page 33

1   VERIFICATION

2   I, **John L. Schwab**, am the **Attorney** in the above–entitled complaint.  I have read the
3   foregoing complaint and know the contents thereof.  The matters alleged are based
    on information and belief, which I believe to be true.

4   On June 1, 2021, I declare under penalty of perjury under the laws of the State of
5   California that the foregoing is true and correct.

6                                                                     **Los Angeles, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                         -3-
27                          *Complaint – DFEH No. 202106-13739001*

28   Date Filed: June 1, 2021

Exhibit 1 - Page 34

Electronically Filed by Superior Court of California, County of Orange, 06/08/2021 01:38:40 PM.
30-2021-01204683-CU-WT-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Julian Burns King (Bar No. 298617); John L. Schwab (Bar No. 307599)<br>KING & SIEGEL LLP<br>724 S. Spring Street, Suite 201, Los Angeles, CA 90014<br>TELEPHONE NO.: (213) 465-4802   FAX NO.: (213) 465-4803<br>ATTORNEY FOR *(Name):* Plaintiff Madeline Esquibel | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE
STREET ADDRESS: 700 Civic Center Drive W.
MAILING ADDRESS: 700 Civic Center Drive W.
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Esquibel v. Walgreen Co.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2021-01204683-CU-WT-CJC |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Derek W. Hunt<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[X] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 6/08/2021

John L. Schwab
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

Page 1 of 2

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

Exhibit 1 - Page 35

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit 1 - Page 36

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE**<br>STREET ADDRESS:  700 W. Civic Center DRIVE<br>MAILING ADDRESS:  700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME:  Central Justice Center | **FOR COURT USE ONLY**<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLAINTIFF: Madelaine Esquibel | |
| DEFENDANT: Walgreen Co. | **Jun 9, 2021** |
| Short Title: ESQUIBEL VS. WALGREEN CO. | Clerk of the Court<br>By: Jessica Duarte, Deputy |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01204683-CU-WT-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>11/22/2021</u> at <u>08:30:00 AM</u> in Department <u>C23</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

<u>**IMPORTANT:**</u> Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - <u>https://www.occourts.org/media-relations/civil.html</u>
Probate/Mental Health - <u>https://www.occourts.org/media-relations/probate-mental-health.html</u>

<u>**IMPORTANTE:**</u> Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - <u>https://www.occourts.org/media-relations/civil.html</u>
Casos de Probate y Salud Mental - <u>https://www.occourts.org/media-relations/probate-mental-health.html</u>

<u>**QUAN TRỌNG:**</u> Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - <u>https://www.occourts.org/media-relations/civil.html</u>
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - <u>https://www.occourts.org/media-relations/probate-mental-health.html</u>

Clerk of the Court,  By: _____ , Deputy

**NOTICE OF HEARING**

Page: 1

Exhibit 1 - Page 37

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** ESQUIBEL VS. WALGREEN CO.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:** **30-2021-01204683-CU-WT-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 06/09/2021. Following standard court practice the mailing will occur at Sacramento, California on 06/10/2021.

Clerk of the Court, by: _____, Deputy

KING & SIEGEL LLP
600 WILSHIRE BOULEVARD # SUITE 500
LOS ANGELES, CA 90017

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

**Exhibit 1 - Page 39**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Exhibit 1 - Page 40

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

Exhibit 1 - Page 41

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

Exhibit 1 - Page 42

| ATTORNEY OR PARTY WITHOUT ATTORNEY:       STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                                        STATE:            ZIP CODE:<br>TELEPHONE NO.:                               FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-4593 |
|---|

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: |
|---|

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
    ☐ Under section 1141.11 of the Code of Civil Procedure
    ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date: _____

_____    _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____

_____    _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

Approved for Optional Use
L1270 (Rev. March 2019)

California Rules of Court, rule 3.221

Exhibit 1 - Page 43